UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    Plaintiff,

-against-              Index No.: 07 CIV 9234 (CSH)

BANK OF CYPRUS
PUBLIC COMPANY LIMITED,

                    Defendant.

# EXHIBIT 10

DECLARATION OF JOHN FELLAS IN SUPPORT OF BANK OF CYPRUS
PUBLIC COMPANY LIMITED'S MOTION TO DISMISS THE COMPLAINT

## STANDSTILL AND TOLLING AGREEMENT

This Standstill and Tolling Agreement (the "Tolling Agreement") is made and entered into on September 7, 2007 by the Bank of Cyprus ("Bank of Cyprus") and the United States of America (the "United States") (collectively, the "Parties"), through their respective counsel, Hughes, Hubbard & Reed LLP and the United States Attorney's Office for the Southern District of New York (the "USAO").

WHEREAS, the USAO provided to the Bank of Cyprus' counsel a draft complaint against the Bank of Cyprus (the "Draft Complaint") that the USAO stated, in a cover letter dated August 28, 2007, it anticipated filing by September 7, 2007; and

WHEREAS, counsel for the Bank of Cyprus and the USAO met to discuss the Draft Complaint on September 6, 2007, upon the understanding that certain time-related defenses, as described below, would be tolled pending additional such discussions;

NOW, THEREFORE, the Parties hereby agree as follows:

1.  All time-related defenses, at law or in equity, to a civil action by the United States against Bank of Cyprus relating to or arising out of the subject matter of the Draft Complaint, including, but not limited to, defenses based on any statute of limitations, statute of repose, or doctrines of estoppel, waiver, or laches (collectively, "Time-Related Defenses"), shall be tolled during the period from September 8, 2007 to September 28, 2007, inclusive (the "Tolled Period"). The Tolled Period shall not be included in the computation of time for the purposes of any Time-Related Defense that may later be asserted in any such action.

2.  During the Tolled Period, the United States shall not commence any action against the Bank of Cyprus relating to or arising out of the subject matter of the Draft Complaint.

3.  This Tolling Agreement shall not affect or impair any defenses - including, but not limited to, Time-Related Defenses – that are available to the Bank of Cyprus as of September 7, 2007 with respect to any action by the United States relating to or arising out of the subject matter of the Draft Complaint. Any and all such defenses are expressly preserved.

4.  Neither the execution of this Tolling Agreement nor any term hereof shall be construed as an admission by any of the Parties as to the date on which the statute of limitations for any claims or causes of action begins or ends. Neither the execution of this Tolling Agreement nor any term hereof shall revive any claim or cause of action that was or would have been barred as of September 7, 2007 by any Time-Related Defense.

5.  Neither this Tolling Agreement nor the circumstances leading to its execution shall be deemed to be an acknowledgment that either Party possesses any right, claim or cause of action against the other, or as an admission of liability by any Party.

1

6. All notices, requests, claims, demands and other communications under this Agreement shall be in writing and shall be given as follows:

| If to Bank of Cyprus: | If to the United States: |
|---|---|
| John Fellas, Esq.<br>Hughes, Hubbard & Reed<br>One Battery Park Plaza<br>New York, New York 10004<br>fellas@hugheshubbard.com | Rua M. Kelly, Esq.<br>Assistant United States Attorney<br>Southern District of New York<br>The Silvio J. Molio Building<br>One Saint Andrew's Plaza<br>New York, New York 10007<br>rua.kelly@usdoj.gov |

7. All notices, requests, claims, demands and other communications shall be delivered by hand, by express courier for next business day delivery, or by email and shall be effective upon receipt.

8. This Tolling Agreement may not be used or relied upon for any purpose other than the enforcement of its terms, nor shall it be used or referred to by any party in any proceeding except solely for the purpose of establishing and/or enforcing its terms.

9. This Tolling Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

10. This Tolling Agreement may be modified, amended, or supplemented only in a writing signed by representatives of both Parties that makes specific reference to this Tolling Agreement.

11. This Tolling Agreement shall inure to the benefit of and be binding upon the Parties and (in the case of the Bank of Cyprus) each of its successors, assigns, agents, parents, subsidiaries, affiliates, officers, directors and employees.

12. Any dispute arising out of or in connection with this Tolling Agreement, including, without limitation, its validity, construction and performance, shall be resolved by the United States District Court for the Southern District of New York.

13. The existence and terms of this Tolling Agreement shall be kept confidential as among the Parties, except as necessary to effectuate its purpose or as otherwise agreed between the Parties. This provision shall survive the termination of this Tolling Agreement.

14. The provisions of the Tolling Agreement shall be deemed severable and the invalidity or unenforceability of any provisions hereof shall not affect the validity and

enforceability of the other provisions hereof. If any provision of this Tolling Agreement or the application thereof to any person or entity or any circumstances, is invalid or unenforceable, a suitable and equitable provision shall be substituted therefor in order to carry out, so far as may be valid and enforceable, the intent and purpose of such invalid and unenforceable provision and persons, entities or circumstances shall not be affected by such invalidity or unenforceability, nor shall invalidity or unenforceability affect the validity or enforceability of such provision, or the application thereof, in any other jurisdiction.

_____
John Fellas, Esq.
Counsel for Bank of Cyprus

_____
Rua M. Kelly, Esq.
Assistant United States Attorney
Southern District of New York
Counsel for the United States of America

3