UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

Plaintiff,

-against-

BANK OF CYPRUS
PUBLIC COMPANY LIMITED,

Defendant.

---

Index No.: 07 CIV 9234 (CSH)

**DECLARATION OF LOUIS POCHANIS**

Nicosia, Cyprus

Louis Pochanis, pursuant to 28 U.S.C. § 1746, declares as follows:

1.    I am employed in Nicosia, Cyprus by Defendant Bank of Cyprus Public Company Limited (the "Bank"), a Cyprus banking corporation with its principal place of business in Cyprus. I have been employed by the Bank for 15 years. Presently, my position is Senior Manager of International Banking Services. I am a citizen of Cyprus and reside in Nicosia.

2.    I am over the age of 18 and not a party to this action. I make this Declaration based on my personal knowledge and review of the Bank's files and records, in support of the Bank's Motion to Dismiss the Complaint.

3.    In connection with the preparation of this Declaration, I have reviewed the Complaint filed by the United States government against the Bank.

4.    I previously prepared and submitted a Declaration, sworn to November 22, 2006, in support of the Bank's motion to dismiss the Amended Complaint in the matter of *LaSala v. Bank of Cyprus Public Company Ltd.*, No. 06 Civ. 6673 (S.D.N.Y.) (CSH).

1

5.      The Bank was founded in 1899 and is the holding company of the Bank of Cyprus Group. The Bank is the leading financial services organization in Cyprus, and its Headquarters are in Nicosia. The Bank's market share in total banking system deposits and loans in Cyprus, including credit cooperatives, amounts to 29.8% and 26.3%, respectively. The Bank operates 146 branches in Cyprus.

6.      The Bank's internal operations and corporate governance are overseen by the Central Bank of Cyprus, which is the primary state regulator of financial institutions in Cyprus.

7.      All of the accounts identified in transactions 1-35 and 38-99 of the chart included in paragraph 41 of the Complaint were opened at the Bank's offices in Cyprus (the "Accounts") and administered by the Bank in Cyprus. Relevant documents relating to the Accounts and in the possession of the Bank are located in Cyprus. None were maintained in New York

8.      For example, among others, the following documents relating to these Accounts were maintained in Cyprus: (i) account opening documents, which include documents evidencing the incorporation and structure of any corporate account-holder and specimen signatures; (ii) permits issued by the Central Bank of Cyprus, where necessary, under the relevant Cyprus legislation in effect at the time the Account was opened; (iii) account statements relating to each Account; (iv) debit-credit advices; (v) transfer instructions; and (vi) any contractual indemnities issued in relation to the Accounts by the account-holder. Some of these documents are in Greek.

9.      The Bank's former or current employees whom we have been able to identify at this time as possible witnesses, with responsibility over and/or who had knowledge of and/or involvement with the Accounts, are residents of Cyprus and are listed in the chart annexed hereto

as **Exhibit A**, which details their positions and responsibilities at the relevant time, and current residence.[1]

10.    Greek is the mother-tongue of the persons listed in **Exhibit A**. While each speak English, none is a native English speaker. To the best of my knowledge, the majority of them would testify in Greek, through an interpreter, if they were to testify at trial in this case.

11.    Additional witnesses (not employed by the Bank), including Lycourgos Kyprianou and his wife, whom we have been able to identify at this time, with responsibility over and/or who had knowledge of and/or involvement with the Accounts, are listed in the chart annexed hereto as **Exhibit B**. All of these witnesses are residents of Cyprus.

12.    My understanding is that Greek is the mother-tongue of the persons listed in **Exhibit B**.

13.    The Bank's representative office in New York, like any representative office as opposed to a branch of a banking institution, is not authorized to engage in the business of banking in New York. In addition, the representative office never had more than two employees. The representative office had no involvement or connection with the Accounts and no employee of the representative office has any knowledge concerning any of the allegations in the Complaint. None of the documents relevant to the allegations in the Complaint were generated from, or maintained in, the representative office.

---

1.    Dates on Exhibits A and B are in the European style (day, month, year).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 22nd day of January 2008
at Nicosia, Cyprus

Louis Pochanis