HUGHES HUBBARD & REED LLP
John Fellas
Marc A. Weinstein
Hagit Elul
One Battery Park Plaza
New York, New York 10004
(212) 837-6000 (telephone)
(212) 422-4726 (facsimile)

*Attorneys for Defendant Bank of Cyprus Public Company Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                              Plaintiff,

            -against-                          Index No. 07 CIV 9234 (CSH)

BANK OF CYPRUS
PUBLIC COMPANY LIMITED,

                              Defendant.


**RESPONSE OF BANK OF CYPRUS PUBLIC COMPANY LIMITED
TO THE GOVERNMENT'S SUR-REPLY MEMORANDUM OF LAW
<u>IN OPPOSITION TO MOTION TO DISMISS THE COMPLAINT</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

I.   DISMISSAL OF THE GOVERNMENT'S UNTIMELY CLAIMS IS
     APPROPRIATE..........................................................................................................1

II.  THEORIES OF CONSPIRACY OR CONTINUING VIOLATION DO NOT
     DELAY THE ACCRUAL OF THE GOVERNMENT'S CIVIL PENALTY
     CLAIMS BASED ON THE 99 TRANSACTIONS ...............................................3

III. THE GOVERNMENT'S CLAIMS ARE NOT SUBJECT TO EQUITABLE
     TOLLING ....................................................................................................................5

CONCLUSION........................................................................................................................8

## TABLE OF AUTHORITIES

Page(s)

CASES

*3M Co. v. Browner*, 17 F.3d 1453 (D.C. Cir. 1994) ....................................................2

*Abbas v Dixon*, 480 F.3d 636 (2d Cir. 2007) ......................................................6, 7, 9

*Armstrong v. McAlpin*, 699 F.2d 79 (2d Cir. 1983) ..................................................7

*Arnold v. KPMG LLP*, 543 F. Supp.2d 230 (S.D.N.Y. 2008) .................................7

*Barbaro v. United States*, 2006 WL 2882975 (S.D.N.Y. Oct. 10, 2006) .................3

*BRS Assocs. v. Dansker*, 246 B.R. 755 (S.D.N.Y. 2000)..........................................3

*Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991) ................8

*Daniel v. Am. Bd. of Emer. Medicine*, 988 F. Supp. 112 (W.D.N.Y. 1997)..............5

*Fed. Election Comm'n v. Williams*, 104 F.3d 237 (9th Cir. 1996)...........................2

*Federal Election Comm'n. v. Toledano*, 317 F.3d 939 (9th Cir. 2002)....................2

*Feinberg v. Katz*, 2002 WL 1751135 (S.D.N.Y. July 26, 2002) ...............................3

*Fezzani v. Bear, Stearns & Co.*, 2005 WL 500377 (S.D.N.Y. Mar. 2, 2005) ...........7

*Fried v. City of New York*, 210 F.3d 79 (2d Cir. 2000) .............................................8

*Harris v. New York*, 186 F.3d 243 (2d Cir. 1999) ..............................................1, 3

*Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997) ......................................................4

*LC Capital Partners, LP v. Frontier Ins. Group*, 318 F.3d 148 (2d Cir. 2003) ........3

*Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797 (7th Cir. 2008)...........4, 5

*In re Merrill Lynch Ltd. Partnerships Litig.*, 154 F.3d 56 (2d Cir. 1998) .................7

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)...................................5

*Peto v. Madison Square Garden Corp.*, 384 F.2d 682 (2d Cir. 1967)........................5

*Pollis v. New School for Social Research*, 132 F.3d 115 (2d Cir. 1997)....................4

*Rotella v. Wood*, 528 U.S. 549 (2000) .....................................................................6

*S.E.C. v. Alexander*, 248 F.R.D. 108 (E.D.N.Y. 2007).............................................8

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*S.E.C. v. Caserta*, 75 F. Supp.2d 79 (E.D.N.Y. 1999)...................................................................2

*S.E.C. v. Power*, 525 F. Supp.2d 415 (S.D.N.Y. 2007) .................................................................2

*Solow v. Stone*, 163 F.3d 151 (2d Cir. 1998) ................................................................................7

*Trawinski v. United Tech.*, 313 F.3d 1295 (11th Cir. 2002) ...........................................................2

*TRW Inc. v. Andrews*, 534 U.S. 19 (2001).....................................................................................6

*Unexcelled Chemical Corp. v. United States*, 345 U.S. 59 (1953)..................................................6

*United States v. Ancorp Nat. Services, Inc.*, 516 F.2d 198 (2d Cir. 1975) ......................................2

*United States v. Project on Gov't Oversight*, 484 F. Supp.2d 56 (D.D.C. 2007)............................2

*World Wrestling Entertainment, Inc. v. Jakks Pacific, Inc.*, 530 F. Supp.2d 486 (S.D.N.Y. 2007) ...........................................................................................................................................7

### STATUTES

18 U.S.C. § 3282.............................................................................................................................2

28 U.S.C. § 2462.........................................................................................................................1, 2

**Preliminary Statement**

In its sur-reply, the government advances a hodgepodge of meritless arguments in an attempt to avoid the inevitable conclusion that its claims are barred by the statute of limitations to the extent they are based on 99 alleged money-laundering transactions that took place before September 7, 2002 — five years before the parties entered into a tolling agreement, and thus the relevant date for limitations purposes.

## I.     Dismissal Of The Government's Untimely Claims Is Appropriate.

The government argues that dismissal would be premature on the theory that the timeliness of claims need not be pled in the complaint. (Sur-Reply at 1-2.) But the Bank nowhere relies on any such theory as grounds for dismissal. Rather the Bank relies on a settled proposition of law, acknowledged by the government, that where "the complaint clearly shows the claim is out of time," dismissal on a Rule 12(b)(6) motion is warranted. *Harris v. New York*, 186 F.3d 243, 250 (2d Cir. 1999); (Sur-Reply at 1). The complaint alleges on its face that 99 of the 107 transactions for which the government seeks a civil penalty took place before September 7, 2002. (Compl. ¶ 41.) Dismissal of the government's claims based on these 99 transactions, therefore, is required based on two straightforward, irrefutable propositions of law.

First, the statute of limitations for civil penalty claims is five years from accrual. *See* 28 U.S.C. § 2462 ("[e]xcept as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of <u>any civil fine, penalty, or forfeiture, pecuniary or otherwise,</u>

shall not be entertained unless commenced within five years from the date when the claim first accrued…." (Emphasis added.) (Opening Br. at 22; Reply Br. at 7-8.)[1]

Second, a civil penalty claim accrues at the time of the alleged violation for which the penalty is sought, which in the case of each of the 99 transactions was the time it took place, prior to September 7, 2002. *United States v. Ancorp Nat. Services, Inc.*, 516 F.2d 198, 200 n. 5 (2d Cir. 1975) ("[r]ecovery for violations [of the Clayton Act] based on payments allegedly received prior to December 31, 1965 is barred by the five year statute of limitations applicable to civil penalty actions…"); *accord Trawinski v. United Tech.*, 313 F.3d 1295, 1298 (11th Cir. 2002) ("The statute of limitations begins with the violation itself"); *3M Co. v. Browner*, 17 F.3d 1453, 1460 (D.C. Cir. 1994) (same); *Fed. Election Comm'n v. Williams*, 104 F.3d 237, 240 (9th Cir. 1996) (same). (Opening Br. at 22-24; Reply Br. at 8-10.)

The government's attempt to avoid dismissal by its repeated references to a need for discovery is unpersuasive. Discovery is not necessary to determine that the government's claims are time-barred because the complaint alleges on its face that 99 of the 107 transactions took place prior to September 7, 2002. *See, e.g., LC Capital Partners, LP v. Frontier Ins. Group*, 318 F.3d 148, 156-157 (2d Cir. 2003) (affirming statute of limitations dismissal without

---

1    The government repeats its argument that 18 U.S.C.§ 3282 — the *criminal* catchall statute of limitations — applies to this plainly civil penalty action, even though Congress has enacted a specific catchall statute for *civil penalty* actions — 28 U.S.C. § 2462. (Sur-Reply at 3; *see also* Opp Br. at 27.) That argument was flawed when the government first made it (*see* Reply Br. at 8-9), and it is flawed now. Again the government cites no authority holding that the criminal statute, which refers to the "prosecution" of criminal "offenses" by the filing of an "indictment" or "information," applies to a plainly *civil* lawsuit. *Cf. Federal Election Comm'n. v. Toledano*, 317 F.3d 939, 948 (9th Cir. 2002) (rejecting as "risible" attempts by the government to export a criminal statute of limitations into a civil penalty action). Courts routinely apply the five-year statute of limitations set forth in 28 U.S.C. § 2462 to actions seeking civil penalties under statutes that, like the MLCA, provide both criminal and civil penalties but contain no statute of limitations. *See, e.g., 3M Co. v. Browner*, 17 F.3d 1453 (D.C. Cir. 1994) (applying section 2462 to civil penalty action alleging violation under Toxic Substances Control Act); *United States v. Project on Gov't Oversight*, 484 F. Supp.2d 56 (D.D.C. 2007) (applying section 2462 to civil penalty action alleging violation of federal bribery statute); *S.E.C. v. Power*, 525 F. Supp.2d 415, 424 (S.D.N.Y. 2007) (applying section 2462 to civil penalty action under Securities Exchange Act of 1934); *S.E.C. v. Caserta*, 75 F. Supp.2d 79, 89 (E.D.N.Y. 1999) (same, under Securities Act of 1933).

discovery where untimeliness was "sufficiently clear on the face of the complaint and related documents....").

The government also suggests that it would be improper for this Court to dismiss its claims based on the 99 pre-September 2002 transactions on the ground that it alleges that eight other transactions took place after that date. (Sur-Reply at 2-3.) But partial dismissal of time-barred claims is entirely appropriate. *See, e.g., Harris*, 186 F.3d at 250 (affirming partial dismissal of plaintiff's claims on Rule 12(b)(6) motion); *Barbaro v. United States*, 2006 WL 2882975, at *3 (S.D.N.Y. Oct. 10, 2006) (partially dismissing as to claims based on events outside limitations period); *Feinberg v. Katz*, 2002 WL 1751135, at *19 (S.D.N.Y. July 26, 2002) (Haight, J.) (same); *BRS Assocs. v. Dansker*, 246 B.R. 755, 773 (S.D.N.Y. 2000) (same).

## II.    Theories of Conspiracy or Continuing Violation Do Not Delay The Accrual Of The Government's Civil Penalty Claims Based On The 99 Transactions.

In its sur-reply, the government again advances the argument that the accrual of its cause of action for each of the 99 transactions should be delayed on either a conspiracy or continuing violation theory. (Sur-Reply at 4-5; Opp. Br. at 27, 29.) As far as conspiracy is concerned, the government does nothing to address the settled law in this Circuit that the "last overt act rule" does not apply to actions for a civil conspiracy. (Opening Br. at 22-24; Reply Br. at 8-11.) Indeed, the Supreme Court has rejected a similar attempt to import the last overt act rule from the criminal statute of limitations to claims involving an alleged civil conspiracy:

> We recognize that RICO's criminal statute of limitations runs from the last, *i.e.,* the most recent, predicate act. But there are significant differences between civil and criminal RICO actions, and this Court has held that criminal RICO does not provide an apt analogy.

*Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 188 (1997). Thus, the Court held that "the plaintiff cannot use an independent, new predicate act as a bootstrap to recover for injuries caused by

other earlier predicate acts that took place outside the limitations period." *Id.* at 190 (emphasis added).

Nor does the "continuing violation doctrine" operate to displace the settled law that the statute of limitations for a civil penalty action accrues at the time of the violation for which the penalty is sought. (Opening Br. at 23-24, Reply Br. at 10-11.) The continuing violation doctrine does not permit recovery for an otherwise time-barred "series of discrete, individual wrongs rather than a single and indivisible course of wrongful action." *Pollis v. New School for Social Research*, 132 F.3d 115, 119 (2d Cir. 1997). To the contrary, "each continuation or repetition of the wrongful conduct may be regarded as a separate cause of action for which suit must be brought within the period beginning with its occurrence." *Id.* (limiting claim for backpay under Equal Pay Act statute of limitations period because each receipt of a paycheck is an actionable wrong by itself). Judge Posner, writing for a panel of the Seventh Circuit in *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797 (7th Cir. 2008), recently explained that a series of individual wrongs which are each independently actionable cannot be brought within the statute of limitations under the continuing violation doctrine:

> Like too many legal doctrines, the "continuing violation" doctrine is misnamed. Suppose that year after year, for ten years, your employer pays you less than the minimum wage. That is a continuing violation. But it does not entitle you to wait until year 15 (assuming for the sake of illustration that the statute of limitations is five years) and then sue not only for the wages you should have received in year 10 but also for the wages you should have received in years 1 through 9.... The office of the misnamed doctrine is to allow suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought. It is thus a doctrine not about a continuing, but about a cumulative, violation.

*Id.* at 801; *cf. Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113-15 (2002) (stating that because "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to

4

hire are easy to identify," they are "not actionable if time barred, even when they are related to acts alleged in timely filed charges").

This reasoning is directly applicable here. The government is claiming a civil penalty for 107 separate transactions, each of which was independently actionable at the time it took place, and 99 of which took place outside the statute of limitations. The law is clear that the government cannot wait until the five-year limitations period elapsed as to these 99 transactions and then use the fact that it is seeking civil penalties for eight transactions that took place within the statute of limitations as a way of reviving its claims as to the 99 time-barred transactions.

The cases cited by the government in its sur-reply are inapposite. *Daniel v. Am. Bd. of Emer. Medicine*, 988 F. Supp. 112, 120 n.6 (W.D.N.Y. 1997) (Sur-Reply at 4) simply confirms the rule that "… the plaintiff is allowed to recover damages resulting only from those acts committed less than four years before commencement of the suit." In *Peto v. Madison Square Garden Corp.*, 384 F.2d 682 (2d Cir. 1967) (Sur-Reply at 4), the Second Circuit affirmed dismissal of a time-barred action in its entirety because *no events* were alleged to have occurred within the statute of limitations period.

III.    **The Government's Claims Are Not Subject To Equitable Tolling.**

Equitable tolling doctrines are likewise is of no assistance to the government. As far as the discovery rule is concerned, the government does not address the weight of authority holding that this doctrine has no place in a civil penalty action. (Reply Br. at 11.)  *Rotella v. Wood*, 528 U.S. 549, 554 (2000) (Sur-Reply at 6) is not to the contrary. As a threshold matter, that case did not address the application of the discovery rule to a civil penalty action. Moreover in *Rotella,* the Supreme Court refused to expand the scope of the discovery rule, and explained in a subsequent case that its statement in *Rotella*, on which the government places great weight,

5

was descriptive, rather than prescriptive. Thus, the Supreme Court subsequently noted that, while "[w]e have also observed that lower federal courts 'generally apply a discovery accrual rule when a statute is silent on the issue'… we have not adopted that position as our own." *TRW Inc. v. Andrews*, 534 U.S. 19, 27 (2001) (emphasis added) (citation omitted); *cf. Unexcelled Chemical Corp. v. United States,* 345 U.S. 59 (1953) (refusing to apply a "discovery of violation" rule to a government's claim for liquidated damages under child labor laws).

Finally, the government continues to offer no basis to apply the doctrine of fraudulent concealment to save it from the consequences of its delay in bringing this case. The government relies on *Abbas v Dixon*, 480 F.3d 636 (2d Cir. 2007), to claim that it is somehow excused from alleging fraudulent concealment. (Sur-Reply at 7, 8 n.3.) This reliance is misplaced. First, the government misstates the holding of *Abbas,* claiming that the Second Circuit *reversed*, when, in fact, it *affirmed* dismissal on a Rule 12(b)(6) motion because the plaintiff had not alleged sufficient facts to warrant an application of the fraudulent concealment doctrine. The court made clear that "[i]f a plaintiff cannot 'articulate[] any acts by defendants that prevented [him] from timely commencing suit' then he has 'failed to meet his burden of showing that he was wrongfully induced by defendants not to commence suit.'" *Id.* at 642. Second, far from fashioning any change in the law, as the government implies, the reasoning of *Abbas* is fully consistent with the cases cited by the Bank in its Reply Brief which hold that allegations of fraudulent concealment must be pled in with particularity. (Reply Br. at 11-12.)[2]

---

2   *See also In re Merrill Lynch Ltd. Partnerships Litig.*, 154 F.3d 56, 60 (2d Cir. 1998) (per curiam) (affirming 12(b)(6) dismissal where plaintiffs failed adequately to plead the elements of fraudulent concealment); *Armstrong v. McAlpin*, 699 F.2d 79, 88-89 (2d Cir. 1983) (same). Contrary to the government's assertion (Sur-Reply at 7), fraudulent concealment is subject to the heightened pleading requirements of Rule 9(b) even where the underlying claims are not based on alleged fraud. *See, e.g. Solow v. Stone*, 163 F.3d 151, 153 (2d Cir. 1998) (tortious interference claim time-barred where plaintiff "failed to allege fraudulent concealment with the requisite specificity"); *Fezzani v. Bear, Stearns & Co.*, No. 99 Civ. 0793 (RCC), 2005 WL 500377, at *8 (S.D.N.Y. Mar. 2, 2005) (aiding and abetting breach of fiduciary claim time-barred where allegations of fraudulent concealment "do not meet the heightened pleading standard for allegations of fraud").

Indeed, courts since *Abbas* have continued to dismiss claims on limitations grounds where, as here, there are insufficient allegations of fraudulent concealment. *See, e.g., Arnold v. KPMG LLP*, 543 F. Supp.2d 230, 237 (S.D.N.Y. 2008); *World Wrestling Entertainment, Inc. v. Jakks Pacific, Inc.*, 530 F. Supp.2d 486, 529 (S.D.N.Y. 2007).

Here, the complaint contains *no* allegation of fraudulent concealment, still less with the particularity required by Rule 9(b). As if that were not enough, the very allegations of the complaint actually undermine any post-hoc claim of fraudulent concealment. As the government acknowledges, it began investigating the AremisSoft fraud in late 2001, indicted Poyiadjis in December 2001, and indicted Kyprianou in June 2002 for money laundering, including allegedly through the Bank of Cyprus — all before September 7, 2002. (Compl. ¶ 14.) The government's claim that the Bank engaged in fraudulent concealment is also contradicted by its allegations that the Bank *twice* openly reported suspicions about Kyprianou to governmental authorities in the UK on October 11, 2001 and July 2, 2002 — again before September 7, 2002.[3] (Compl. ¶¶ 85, 90, 92; Reply Br. at 12-13.)

The government relies on one case to support its argument that it should be permitted to take discovery to fish for support of its unsubstantiated claim of fraudulent concealment — *S.E.C. v. Alexander*, 248 F.R.D. 108 (E.D.N.Y. 2007). (Sur-Reply at 1, 5, 7, 9.) However, in *Alexander,* the court denied a motion to dismiss on statute of limitations grounds because — unlike here — the SEC "made significant allegations that Alexander fraudulently concealed the alleged backdating scheme." 248 F.R.D. at 120. *Alexander* did not hold, as the government suggests, that where a plaintiff has failed to allege a single element of fraudulent

---

3    As set forth in the Declaration of William Blair QC dated January 23, 2008 such reports could trigger intrusive investigations by the UK authorities. (Declaration of William Blair QC dated January 23, 2008 at ¶ 12.) Counsel takes this opportunity to update Mr. Blair's resume. Since submitting his report in this case, Mr. Blair was been appointed a Justice of the English High Court, assigned to the Queen's Bench Division. (Exhibit A.)

concealment, it should be entitled to take discovery on that issue. Indeed, *Abbas*, 480 F.3d at 642, supports the opposite conclusion. There, the Second Circuit affirmed dismissal on a Rule 12(b)(6) motion without discovery where, as here, the complaint was facially time-barred and did not make any allegations supporting a claim of fraudulent concealment. *Id.*

Moreover, as the government concedes, it has already obtained documents, including "records of Kyprianou accounts at the Bank," and, pursuant to the Coordination Agreement, obtained discovery provided by the Bank to the Trustees. (Opening Br. at 2-3, 7, 25.) Despite this, the government does not, and cannot, make any allegations suggesting that the Bank blocked investigation into Kyprianou's activities.[4]

**Conclusion**

For the foregoing reasons and those set forth in the moving papers of the Bank, the complaint should be dismissed in its entirety and with prejudice.

Dated:   New York, New York
         September 5, 2008

HUGHES HUBBARD & REED LLP

By: _____

       John Fellas
       Marc Weinstein
       Hagit Elul
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Attorneys for Defendant Bank of Cyprus Public
Company Limited*

---

[4]   The Government's unpled assertion that it received documents from the Cyprus government in December 2003 (Sur-Reply at 8) does nothing to suggest any fraudulent concealment on the part of the Bank. (*See* Reply Brief at 12 n.10.) In any case, although a *defendant* may support a motion to dismiss with documents relied on in the complaint, *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991) (Sur-Reply at 8), a *plaintiff* is not permitted to supplement its deficient pleadings through unpled assertions in its brief. *See Fried v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000).

8

EXHIBIT A

# Ministry of JUSTICE

# News Release

www.justice.gov.uk

**4 February 2008**

**014/08**

## TITLE: <u>APPOINTMENT OF A HIGH COURT JUDGE</u>

The Queen has been pleased to approve the appointment of William James Lynton Blair, Q.C., to be a Justice of the High Court.

The Lord Chief Justice will assign Mr. Blair to the Queen's Bench Division.

**Notes to Editors**

Mr. Blair, 57, was called to the Bar by Lincoln's Inn in 1972 and took Silk in 1994. He was appointed a Recorder in 1998 and is approved to sit as a deputy High Court Judge.

**ENDS**